**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY MANUFACTURERS INSURANCE CO., a/s/o CANDACE KNIGHT,<br><br>      Plaintiff,<br><br>      v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>      Defendants. | CIVIL ACTION NO. 13-1124 (MLC)<br><br>**O P I N I O N** |

    **THE COURT** writes exclusively for the parties, who are familiar with the facts underlying the action. Those facts are thus recited here only sparingly.

    **THE PLAINTIFF**, New Jersey Manufacturers Insurance Co. ("NJM"), brings this subrogation action on behalf of its insured, Candace Knight, against the defendants United States Immigration and Customs Enforcement ("ICE") and Steven M. Beyers. (See dkt. entry no. 1, Compl.) NJM alleges in the Complaint that Knight and Beyers were involved in a motor vehicle collision, and that Beyers "was employed by ICE and was acting within the scope of his employment, and driving a motor vehicle owned by ICE when he was involved in the . . . collision." (Id. at ¶ 3.)

    **ICE** now moves to dismiss the claims asserted against it, arguing that Beyers was not acting within the scope of his

employment at the time of the accident.  (See dkt. entry no. 9, Mot.; dkt. entry no. 9-1, Br. in Supp.)  NJM has advised the Court that it does not oppose the dismissal of those claims.[1]

**THE COURT,** for good cause appearing, will thus enter a separate order and judgment, dismissing the claims asserted against ICE.

                                              s/ Mary L. Cooper
                                              **MARY L. COOPER**
                                              United States District Judge

Date:     June 11, 2013

---

[1] Because NJM has in some form responded to the Motion, the Motion was not so "unopposed" that the Court must resolve the Motion on its merits.  But cf. Stackhouse v. Mazurkiewicz, 951 F.2d 29, 29-30 (3d Cir. 1991) (discussing Court's obligation to resolve motion to dismiss where non-movant fails to file any opposition or response).  The Court here deems NJM to consent to the entry of an Order and Judgment that dismisses the claims asserted against ICE.