**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY MANUFACTURERS INSURANCE CO., a/s/o CANDACE KNIGHT,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 13-1124 (MLC)<br><br>**O P I N I O N** |

   **THE PLAINTIFF**, New Jersey Manufacturers Insurance Co. ("NJM"), brought this subrogation action against the defendants, United States Immigration and Customs Enforcement ("ICE") and ICE employee Steven M. Beyers.  (See dkt. entry no. 1, Compl.)  NJM's claims sound in state tort law, i.e., negligence, and arise from a motor vehicle accident involving a vehicle owned by NJM's insured and a vehicle owned by ICE and driven by Beyers.  (See id. at ¶¶ 3, 6-7, 10.)

   **THE COURT** originally had jurisdiction over the action because claims were asserted against ICE, "an agency organized under the federal branch of the United States government," and "the property loss occurred as a result of the negligent or wrongful act or omission of . . . Beyers, an employee of [ICE,] while Beyers was

acting within the scope of his employment." (Id. at ¶ 2.)  See 28 U.S.C. § 2674.  However, the claims asserted against ICE have been dismissed.  (See dkt. entry no. 11, 6-11-13 Order & J.; dkt. entry no. 10, 6-11-13 Op.)  Accordingly, Beyers is the only defendant remaining in the action, and the claims raised against him remain viable only insofar as they have been raised against Beyers in his individual capacity.[1]

**THE COURT** lacks jurisdiction over the claims asserted against Beyers, which arise (1) under state law, and (2) between citizens of the same state.  (See Compl. at ¶¶ 1, 10.)  See Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (requiring complete diversity between each plaintiff and each defendant).  The Court thus intends to dismiss those claims sua sponte.  See Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); Wyoming v. Oklahoma, 502 U.S. 437, 462 (1992) (Scalia, J., dissenting) ("[I]t is a court's obligation to dismiss a case whenever it becomes convinced that it has no proper jurisdiction, no matter how late that wisdom may arrive."); Bracken v. Matgouranis, 296 F.3d 160, 162 (3d Cir. 2002) (noting courts' "continuing obligation to sua

---

[1] ICE earlier argued and NJM earlier conceded that Beyers could not be sued as an ICE employee.  (See dkt. entry no. 9-1, ICE Br.; 6-11-13 Op. at 2 & n.1 (noting lack of opposition).)  No party -- including Beyers -- moved for reconsideration from the 6-11-13 Order and Judgment, and the time for such a motion has now passed.  See L.Civ.R. 7.1(i).

2

sponte raise the issue of subject matter jurisdiction if it is in question"); see also 28 U.S.C. § 1367(c)(3); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Bor. of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995) ("Under Gibbs jurisprudence, where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.")

**THE COURT**, for good cause appearing, will enter a separate Order and Judgment.[2]

                                      s/ Mary L. Cooper
                                      **MARY L. COOPER**
                                      United States District Judge

Dated:     June 27, 2013

---

[2] The remaining claims will be dismissed without prejudice to recommence those claims in an appropriate state court within thirty days.

3